IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAEL GARCIA, on behalf of himself and all other persons similarly situated, known and unknown, </br></br>　　　　　　Plaintiff, </br></br>　　　v. </br></br>WORLD SECURITY BUREAU, INC. d/b/a WORLD SECURITY AGENCY, and IBRIHAM KISWANI, individually, </br></br>　　　　　　Defendants. | Case </br></br> Judge |

**COMPLAINT**

Plaintiff Rafael Garcia, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against World Security Bureau, Inc. d/b/a World Security Agency (hereinafter "WSB") and Ibriham Kiswani, individually (hereinafter "Kiswani") (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.　This is an action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2.　Plaintiff complains that Defendants engaged in a pattern or practice of unlawful conduct which resulted in Defendants failing to pay Plaintiff and other similarly situated persons overtime pay.

3.　Defendants employed Plaintiff and other similarly situated persons as security officers, whose responsibilities included, performing security functions at assigned buildings

1

and/or patrolling Chicago Housing Authority areas located in the Pilsen, Little Village, and Humboldt Park neighborhoods.

4. Plaintiff, and those similarly situated to him, customarily worked or are working for Defendants in excess of forty (40) hours per week.

5. Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative Plaintiff under the FLSA is attached hereto as Exhibit A.

**THE PARTIES**

6. Plaintiff was employed by Defendants within this judicial district between approximately January 2013 and August 2015.

7. Plaintiff resides in and is domiciled within this judicial district.

8. Plaintiff was employed by Defendants as an "employee," as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, and Section 203 of the FLSA, 29 U.S.C. §203.

9. Defendant WSB was Plaintiff's "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, and Section 203 of the FLSA, 29 U.S.C. §203.

10. Defendant Kiswani was Plaintiff's "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, and Section 203 of the FLSA, 29 U.S.C. §203.

11. Defendant WSB is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

12. Defendant WSB's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

13. Defendant WSB is a Delaware corporation with its principal place of business in

Chicago, Illinois, within this judicial district.

14. Defendant Kiswani is an owner and an officer of WSB and is involved in the day to day business operations of WSB. During the prior three (3) years, Defendant Kiswani hired and fired employees, directed and supervised the work of employees, signed on the corporation's checking accounts, including payroll accounts, and participated in decisions regarding employee compensation and capital expenditures.

15. Upon information and belief, Defendant Kiswani resides in this judicial district.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b).

17. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

18. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**BACKGROUND FACTS**

19. Plaintiff was hired as a security officer in approximately January 2013.

20. In approximately July 2014, Plaintiff was assigned to Defendants' Emergency Response Team.

21. As a member of Defendants' Emergency Response Team, Plaintiff was directed to work, and did work, in excess of forty (40) hours in individual work weeks.

22. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants did not pay him overtime compensation at the required rate of one and one-half times his regular rate of pay. Instead, Defendants paid Plaintiff his straight time regular rate of pay for

all hours worked.

23. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants paid Plaintiff with two checks per biweekly pay period. One paycheck paid Plaintiff for eighty (80) hours of work. The second paycheck paid Plaintiff for the remainder of the hours he worked in the same pay period.

24. For example, in the work week ending May 10, 2015, Plaintiff worked a total of 112 hours. Plaintiff received one check paying him for eighty (80) hours, and he received a second check paying him for thirty-two (32) hours. Defendants paid Plaintiff for all 112 hours he worked in the two week pay period at his regular rate of pay. See Exhibit B, attached hereto.

25. Upon information and belief, Defendants wrongfully classified other security officers as independent contractors, rather than employees, in whole or in part, in order to avoid paying them overtime compensation for hours worked over forty (40) in individual work weeks.

26. During the last three (3) years, Defendants regularly directed Plaintiff and other similarly situated employees to work more than forty (40) hours in individual work weeks.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime
### (Collective Action)

Plaintiff hereby realleges and incorporate paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201, et *seq.,* for their failure to pay Plaintiff and other similarly situated employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

28. Plaintiff and other similarly situated employees worked for Defendants as security

officers and at no time were they exempt from the overtime pay provisions of the FLSA.

29. In one or more work weeks during the last three (3) years, Plaintiff and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

30. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours during individual work weeks.

31. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiff one and one-half times his regular rate for the time he worked over forty (40) hours in individual work weeks, and instead paid him his straight time regular rate for all time worked.

32. Pursuant to 29 U.S.C. § 207, similarly situated employees, were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

33. In one or more work weeks during the last three (3) years, Defendants did not pay similarly situated employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual work weeks, and instead paid them at their straight time regular rates for all time worked.

34. Defendants violated the FLSA by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

35. Defendants violated the FLSA by failing to pay similarly situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and other similarly situated employees have suffered a loss of income and other damages. They are

entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiff and other similarly situated persons pray for judgment against Defendant as follows:

    A.    Judgment in the amount of all overtime wages due, as provided by the Fair Labor Standards Act;

    B.    Liquidated damages in an amount equal to the amount of all overtime wages due, as provided by the Fair Labor Standards Act;

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporate paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37.    This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, *et seq.*, for their failure to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

38.    During the last three (3) years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

39.    At no time during his employment by Defendants was Plaintiff exempt from the overtime provisions of the IMWL.

40.    For all time worked in excess of forty (40) hours in an individual work week, Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours.

41.    Defendants did not pay Plaintiff overtime at one and one-half times his regular

rate, and instead paid Plaintiff his straight time regular rate for all time worked over forty (40) hours during one or more individual work weeks.

42. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of one-half times the regular rate for all hours Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: February 11, 2016

s/Maureen A. Salas
One of Plaintiff's Attorneys


Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
Zachary C. Flowerree - zflowerree@flsalaw.com
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008