**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAFAEL GARCIA, on behalf of himself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> WORLD SECURITY BUREAU, INC. d/b/a WORLD SECURITY AGENCY, IBRIHAM KISWANI, individually, and CENTURION INVESTIGATIONS AND SECURITY, INC. <br><br> Defendants. | Case No. 1:16-cv-02130 <br><br> Honorable Manish S. Shah |

**PLAINTIFF'S MOTION FOR AN AWARD OF DEFAULT JUDGMENT
FOR DAMAGES IN THE AMOUNT OF $9,765.58, AND ATTORNEYS'
FEES AND COSTS IN THE AMOUNT OF $49,403.99**

Plaintiff Rafael Garcia (hereafter "Plaintiff") hereby moves for an award of default judgment for damages in Plaintiff's favor and against Defendants World Security Bureau, Inc. d/b/a World Security Agency ("WSB"), and Ibriham Kiswani, individually ("Kiswani") (WSB and Kiswani hereafter referred to as "Defendants"), in the amount of $9,765.58 in unpaid wages, liquidated damages, and penalties, and in the amount of $49,403.99 in attorneys' fees and costs. In support of this motion, Plaintiff states as follows:

**I.    NATURE OF PLAINTIFF'S CLAIMS**

1.    Plaintiff filed his Complaint in this matter on February 11, 2016. Plaintiff's lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Plaintiff alleges that Defendants engaged in a pattern or practice of unlawful conduct which resulted in Defendants

1

failing to pay Plaintiff and other similarly situated persons overtime pay.

2. Plaintiff Rafael Garcia worked for Defendants as a security officer. See Exhibit A, Declaration of Rafael Garcia ¶ 2. Plaintiff Garcia's responsibilities included performing security functions at assigned buildings and/or patrolling Chicago Housing Authority areas located in the Pilsen, Little Village, and Humboldt Park neighborhoods. *Id.* ¶ 3.

3. Defendant Kiswani was an owner and an officer of WSB and was involved in the day to day business operations of WSB. ECF No. 22, First. Amd. Compl. ¶ 14. During the prior three (3) years, Defendant Kiswani hired and fired employees, directed and supervised the work of employees, and participated in decisions regarding employee compensation and capital expenditures. *Id.*

4. Defendants did not pay Plaintiff overtime compensation at the required rate of one and one-half times his regular rate of pay for the hours he worked over forty (40) in individual work weeks. Ex. A, Garcia Decl. ¶ 8. Instead, Defendants paid Plaintiff his straight time regular rate of pay for all hours worked. *Id.*

5. Defendants paid Plaintiff with two checks per biweekly pay period when Plaintiff worked over forty (40) hours in individual work weeks, Ex. A, Garcia Decl. ¶ 9. One paycheck paid Plaintiff for up to eighty (80) hours of work. *Id.* The second paycheck paid Plaintiff for the remainder of the hours he worked in the same pay period. *Id.*

## II. BACKGROUND FACTS

6. On June 7, 2016, as a result of Defendants' failure to file an answer or otherwise plead, Plaintiff filed his motion for default judgment requesting that an entry of default judgment be entered against Defendants World Security Bureau, Inc. d/b/a World Security Agency, and Ibriham Kiswani, individually. See ECF No. 17.

7. Plaintiff's motion for default judgment was granted and an order of default judgment was entered against Defendants World Security Bureau, Inc. d/b/a World Security Agency and Ibriham Kiswani on June 16, 2016. See ECF No. 19.

8. Plaintiff requested and was granted leave to file a First Amended Complaint on July 22, 2016. See ECF No. 21.

9. Plaintiff filed his First Amended Complaint adding Centurion as a party Defendant on July 29, 2016. See ECF No. 22. Centurion filed its Answer to the First Amended Complaint on October 21, 2016. See ECF No. 30.

10. In Plaintiff's First Amended Complaint, Plaintiff alleged Centurion was a successor of WBS. Plaintiff alleged that there was a substantial continuity between the workforce and operation of WSB and Centurion. See ECF No. 22, First Amended Complaint ¶ 19-34.

11. Successor liability applies in FLSA actions unless there are good reasons to withhold such liability *See Teed v. Thomas & Betts Power Solutions, L.L.C.*, 711 F.3d 763, 766 (7th Cir. 2013).

12. Plaintiff and Defendant Centurion exchanged and responded to discovery in this matter. See Exhibit B, Declaration of Maureen A. Salas ¶ 8. Plaintiff also issued a subpoena to Holsten Real Estate. *Id.* Centurion took Plaintiff's deposition, and Plaintiff's Counsel took the depositions of Centurion's 30(b)(6) representative, and WSB's former operations manager, Serafin Herrera. *Id.* Plaintiff's Counsel also took the deposition of one of Centurion's managers, also a former WSB manager, Alexander Velasquez. *Id.* Both Messers. Herrera and Velasquez were employed by WBS during Plaintiff's employment. *Id.*

13. On July 18, 2017, Plaintiff and Defendant Centurion reached a settlement with regards to Plaintiff's claims against Centurion only. *Id.* ¶ 9.

## III. ITEMIZATION OF DAMAGES

14. Plaintiff computes he is owed a $4,841.85 in unpaid overtime wages under the FLSA and IMWL, $4,841.85 in liquidated damages under the FLSA, and $3,083.00 in statutory penalties under the IMWL through September 1, 2017. See Ex. A, Garcia Decl. ¶ 10.

15. When an employer is liable for overtime compensation, the FLSA directs the court to also award liquidated damages in an amount equal to the plaintiff's actual damages. 29 U.S.C. §216(b)(an employer who violates the overtime compensation provisions of the FLSA "shall be liable" for liquidated damages in an amount equal to unpaid back wages). Such an award in mandatory unless (1) the employer's failure to pay overtime was in good faith, and (2) the employer had reasonable grounds for believing that its act or omission did not violate the FLSA, 29 U.S.C. §260; otherwise, liquidated damage awards are mandatory. Defendants have failed to make any showing that their failure to pay Plaintiff overtime wages was done due to subjective and objective good faith. *See Walton v. United Consumers Club*, 786 F.2d 303, 310 (7th Cir. 1986)("Doubling is not some disfavored 'penalty.' ... Double damages are the norm, single damages the exception, the burden on the employer."); *Avita v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1223 (7th Cir. 1995)(Under the FLSA, double damages are the norm; single damages are the exception). Accordingly, Plaintiff is entitled to liquidated damages in the amount of $4,841.85. Exhibit A, Garcia Decl. ¶10.

16. In addition, the Illinois Minimum Wage Law provide for a mandatory penalty at the rate of 2% of the unpaid wages per month. 820 ILCS 105/12. Accordingly, in addition to liquidated damages, Plaintiff is also entitled to a statutory penalty under the IMWL. *See Lizak v. Great* Masonry*, Inc.,* No. 08–C–1930, 2009 WL 3065396, at *9 (N.D. Ill. September 22, 2009) (awarding liquidated damages under the FLSA and the statutory penalty under the IMWL).

Under the IMWL, as of September 1, 2017, Plaintiff is entitled to a statutory penalty of $3,083.00. Exhibit A, Garcia Decl. ¶ 10.

17. World Security Bureau, Inc. d/b/a World Security Agency and Ibriham Kiswani, are Plaintiff's "employers," and they are jointly and severally liable for the FLSA and IMWL violations. Individuals who come within the definition of the term "employer" are jointly and severally liable for non-compliance of the wage violation. *Fegley v. Higgins,* 19 F.3d 1126, 1131 (6th Cir. 1994); *Sherman v. Premium Concrete Cutting, Inc.,* 2004 U.S. Dist. LEXIS 22127, 2 (N.D. Ill. October 29, 2004).

18. Plaintiff is owed $12,766.70 in unpaid overtime wages, liquidated damages and penalties. Less the amount he received as a result of the settlement with Centurion ($3,001.12), Plaintiff is owed $9,765.58 in unpaid overtime wages, liquidated damages and penalties. Ex. A, Garcia Decl. ¶12. Plaintiff requests the Court enter a judgment order against WSB and Kiswani and in Plaintiff's favor in the amount of $9,765.58 in unpaid overtime wages, liquidated damages and penalties.

19. Plaintiff's reasonable attorneys' fees in this matter exceed $64,836.75. Ex. B, Salas Decl. ¶ 23. Plaintiff's costs in this matter total $1,566.12. *Id.* ¶ 24. Plaintiff's total attorneys' fees and costs equal $66,402.87. Less the amount Plaintiff received in attorneys' fees and costs as a result of the settlement with Centurion, Plaintiff requests the Court award attorneys' fees to Werman Salas P.C. in the amount of $49,403.99. Ex. A, Garcia Decl. ¶12.

## IV. CONCLUSION

20. Plaintiff is entitled to judgment in the amount of $9,765.58 in unpaid overtime wages, liquidated damages, and interest, and $49,403.99 in attorneys' fees.

21. Plaintiff asks that the Court enter the Order of Judgment, attached hereto as

5

Exhibit C, against Defendants World Security Bureau, Inc. d/b/a World Security Agency and Ibriham Kiswani, jointly and severally, as a result of the order of default entered against Defendants on June 16, 2016, ECF No. 16.[1]

Dated: September 27, 2017

                                                  Respectfully submitted,

                                                  s/Maureen A. Salas
                                                  One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

Attorneys for Plaintiff

---

[1] The Proposed Order of Judgment has been simultaneously submitted to the Court's proposed orders mailbox.

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for An Award of Default Judgment for Damages in the Amount of $9,765.58, and Attorneys' Fees and Costs in the Amount of $49,403.99** was served via regular U.S. mail on September 27, 2017 on:

| | |
|---|---|
| World Security Bureau, Inc.<br>c/o Reg. Agent, Hanan Selim<br>323 S. Dearborn St., Ste. 2013<br>Chicago, IL 60604 | Nishay K. Sanan, Esq.<br>53 W. Jackson Blvd, Suite 1437<br>Chicago, IL 60604 &<br>NSanan@aol.com |
| Ibriham Kiswani<br>c/o Dena Halloway<br>18205 Eagle Dr.<br>Tinley Park, IL 60477 | Ibriham Kiswani<br>8201 Newland Ave.<br>Burbank, IL 60459 |

                 s/Maureen A. Salas
                 One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008
Attorneys for Plaintiff